IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | A-17-CV-12 JRN |
| V. | § | (A-96-CR-125(1) JRN) |
| | § | |
| REGINALD DWAYNE ELLISON | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE JAMES R. NOWLIN
     UNITED STATES DISTRICT JUDGE

Before the Court is Reginald Dwayne Ellison's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on January 6, 2017. Dkt. No. 250. The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

After a jury trial, on November 14, 1996, Reginald Dwayne Ellison was found guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846. Dkt. No. 130. On March 20, 1997, the District Court sentenced him to 360 months of imprisonment, followed by a five-year term of supervised released, a $10,000 fine with interest, and a $100 special assessment fee on Count One, and a concurrent sentence of 360 months of imprisonment, followed by a five-year term of supervised release, and a $100 special assessment on Count Two. Dkt. No. 150. Ellison's sentence was enhanced under the residual clause of U.S.S.G. § 4B1.1. Ellison appealed his conviction, and it was affirmed on April 13, 1998. Dkt. No. 183. He also filed a Motion for a New Trial, which was denied on November 12, 1998. Dkt. No. 203.

Ellison has consistently pursued the reduction of his sentence. First, he filed a Motion for Reduction or Modification of Sentence Pursuant to 18 U.S.C. § 3582, which was denied on December 8, 1998. Dkt. No. 209. Then, Ellison filed a Motion to Reduce or Correct Sentence under Rule 35, which was denied on April 19, 2005 (Dkt. No. 220), and again on June 12, 2008 (Dkt. No. 227). After an appeal, this last order was affirmed by the Fifth Circuit on January 5, 2011. Following this, Ellison again filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense Under 18 U.S.C. § 3582, which was denied on April 19, 2012 (Dkt. No. 241), and dismissed on appeal for failure to prosecute on January 14, 2014 (Dkt. No. 246). Finally, Ellison filed the instant Motion to Vacate Under § 2255 on January 6, 2017, requesting relief under *Beckles v. United States* and *Johnson v. United States*, 135 S. Ct. 2251 (2015).

In this motion, Ellison argues that the enhancement of his sentence under the residual clause in U.S.S.G. § 4B1.1 was unconstitutional and he should be resentenced without enhancement, based on the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Beckles v. United States*. Dkt. No. 250 at 1. Two months after Ellison's motion to vacate was filed, the Supreme Court held in *Beckles* that the Sentencing Guidelines were not subject to Due Process Clause vagueness challenges because they are advisory and are used by judges in a discretionary manner to determine sentencing within a statutory range. *Beckles*, 137 S. Ct. at 892. As a result, Ellison's claim is barred.

## II. ANALYSIS

Under federal law a movant under § 2255 generally must file his claim for relief within one year of the date his conviction becomes final. 28 U.S.C. § 2255(f)(1). Ellison appealed his conviction, and the Fifth Circuit affirmed it on April 13, 1998. He did not file a writ of certiorari

with the Supreme Court, which means that his conviction became final on July 13, 1998. *See Clay v. U.S.*, 537 U.S. 522 (2003) (holding that the a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction). Thus, unless one of the exceptions to the limitations period contained in § 2255(f) applies, Ellison's deadline to file a § 2255 motion was July 13, 1999. Ellison attempts to rely on the exception contained in § 2255(f)(3), and the *Beckles* and *Johnson* decisions to overcome this problem. *See* Dkt. No. 36 at 5. Under subsection (f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Ellison argues that his motion is not time-barred within the (f)(3) definition as his claim for relief is based on the right recognized in *Johnson*. However, two months after he filed his case, the Supreme Court decided *Beckles* and rejected the very argument Ellison is raising in his motion.

In *Beckles*, the Court noted that the Sentencing Guidelines are advisory, not statutory like the ACCA, and they "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range," which meant that the holding in *Johnson* did not apply to U.S.S.G.§ 4B1.1. *Beckles*, 137 S. Ct. at 892. As the Court explained, "our cases have never suggested that a defendant can successfully challenge as vague a sentencing statute conferring discretion to select an appropriate sentence from within a statutory range . . . ." *Id*. at 893. Thus, the Sentencing Guidelines' discretionary status meant they were not subject to the same vagueness challenge raised in *Johnson*, and which doomed the residual clause of the ACCA. *Id*. at 892. To put it another way, *Beckles* made it clear that *Johnson* does not give Ellison any right to relief from

3

the sentence he received, and because *Johnson* is inapplicable, Ellison does not have a claim for relief that is based on a right newly recognized by the Supreme Court. As no other exception to the one year limitations provision applies, Ellison's case is time barred.

Ellison also cannot rely on the Supreme Court's decision in *Johnson*. First, as noted, *Beckles* made clear that *Johnson* does not apply to the Sentencing Guidelines, so any claim based on *Johnson* fails on the merits. And second, even if *Johnson* provided Ellison with relief, his motion was filed too late even under the exception provided by § 2255(f)(3). The time in which to file a Motion to Vacate based on *Johnson* was one year from the date on which the Supreme Court first recognized the right at issue. *Dodd v. United States*, 545 U.S. 353, 359 (2005). *Johnson* was decided on June 26, 2015, and thus the deadline for making a *Johnson*-based motion under § 2255 was June 26, 2016. Ellison did not file his motion until January 6, 2017. Therefore, even if Ellison had a claim to make under *Johnson*, that claim would be time-barred.

## III. RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DENY** Reginald Dwayne Ellison's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 250) as time-barred and as lacking in merit.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party

4

is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Furthermore, "When a district court denies a habeas petition on procedural grounds without

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Rios's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 15th day of December, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE